CHICAGO, SPRINGFIELD & ST. LOUIS RAILROAD CO.

v.

HENRY H. BEACH ET AL.

*Railroads—Removal of Track from Right of Way—Trespass—Chattel Mortgage—Possession and Ownership—Evidence—Instructions.*

1.  An action of trespass may be maintained by the general owner of property entered upon, where there is no actual possession.

2.  In an action of trespass an instruction is erroneous which assumes that the plaintiff failed to show ownership and possession of the property in question, there being *prima facie* and uncontradicted evidence thereof.

3.  Extrinsic evidence may be resorted to for the purpose of identifying property covered by a chattel mortgage.

4.  The rule that a written agreement can not be contradicted, enlarged or varied by parol proof, does not apply to a controversy between one of the parties thereto and a third person.

5.  It is proper to refuse an instruction when the matter contained therein appears in others which are given.

[Opinion filed September 21, 1888.]

APPEAL from the Circuit Court of Montgomery County; the HON. J. J. PHILLIPS, Judge, presiding.

Messrs. CONKLING & GROUT and J. A. CONNOLLY and G. L. ZINK, for appellants.

The real owner of an interest in real estate, though not in actual possession, can maintain trespass against an intruder upon the same, where there is no adverse possession. The owner's constructive possession is sufficient to maintain the action. Gould v. Sternburg, 4 Ill. App. 439; Halligan v. Chicago & Rock Island R. R. Co., 15 Ill. 558; Barber v. Trustees of Schools, 51 Ill. 396; Smith v. Wunderlich, 70 Ill. 426; Cairo & St. L. R. R. Co. v. Woolsey, 85 Ill. 370.

The same rule prevails as to personal property. Gauche v. Mayer, 27 Ill. 134.

It is a rule of uniform application, that parol or other extrinsic evidence may be resorted to for the purpose of iden-

tifying property sold or mortgaged. Bell v. Prewitt, 62 Ill. 361; Mattingly v. Darwin, 23 Ill. 567; Hartford Fire Ins. Co. v. Hadden, 28 Ill. 260; Pike v. Colvin, 67 Ill. 227.

Nor does this rule infringe upon the other rule, that a written agreement can not be contradicted, enlarged or varied by parol. Marshall v. Gridley, 46 Ill. 251.

But this latter rule applies only in suits between the parties to the instrument and does not apply to the case at bar, because this suit is between one of the parties and a third person, in which case the rule is not applicable. Needles v. Hanifan, 11 Ill. App. 303.

And a stranger (in this case the Chicago, St. Louis & Chicago R. R. Co.) to a written instrument, i. e., chattel mortgage, when his rights are concerned, is at liberty to show by parol evidence that the contract, i. e., mortgage, of the parties is different from what it purports to be on the face of the writing. Washburn & Moen Mfg. Co. v. Chicago Galvanized Wire Fence Co., 109 Ill. 71.

Messrs. LANE & COOPER and J. M. TRUITT and J. A. ATTERBURY, for appellees.

Trespass to realty is a possessory action, and it will not be questioned that before appellant could recover against appellees it was necessary for it to show title to the railroad by showing by written evidence that it had an easement in the street which gave it the right to lay its track where the same was situated, or actual possession of the property in controversy. This elementary principle has been fully sustained by the following cases: Webb v. Sturtevant, 1 Scam. 181; Dean v. Comstock, 32 Ill. 173.

In Dean v. Comstock, *supra*, the court say: "It is a settled principle in this action, that the plaintiff must have the actual or constructive possession of the *locus in quo.* The gist of the action is the injury to the possession. If the premises are actually occupied the action must be brought by the party in possession; if they are vacant and unoccupied the party having the legal title has the right of possession and must bring the action. Halligan v. Ch. & R. I. R. R. Co., 15 Ill. 560."

In Webb v. Sturtevant, *supra*, the court say : " In actions of trespass *quare clausum fregit*, the law is well settled that possession of the close is sufficient to sustain the action against any person who shall enter upon that possession except the owner.   The possession, where that alone is relied on, must, however, be an actual and not a constructive possession."

WALL, P. J.   The appellant brought trespass *quare clausum fregit*, against the appellees, for entering upon a certain railroad track, situate on Adams street in the city of Litchfield, and removing the ties, rails, plates, nuts, bolts, etc., before then being a part of the said track.   The pleas were not guilty, and justification under a chattel mortgage executed by the Empire Construction Company, then owning and possessing the property in question.

Issue upon these pleas being submitted to a jury, there was a verdict for appellees, and a motion for new trial having been overruled, judgment was rendered against appellant for costs.

The Springfield & St. Louis Railroad Company, its successors and assigns, had permission under an ordinance of said city, to lay its track in Adams street.   The evidence tended to prove that said company transferred its rights to the appellant, Chicago, Springfield & St. Louis Railroad Company ; that such transfer was recognized by the city, and that the latter company, being in fact the successor and assignee of the former company, contracted with the Empire Construction Company to build the road ; that the construction company did build the part in question and received payment for the same, but having become embarrassed, surrendered its contract before the road was completed.

A short time before the construction company had ceased operations the chattel mortgage referred to in the special plea was executed.

At the time of the tortious acts alleged against the appellees, the track in controversy was not in the actual occupancy of the appellant or of any other person or corporation, and it is insisted that the appellant can not maintain the present

action because it has failed to show possession or such owner-ship as would imply a right to possession.

It is conceded by the appellees that, under well settled rules of law, the general owner, where there is no actual pos-session, may maintain such an action, but it is urged there was no sufficient proof of such ownership. The proof upon this point is substantially uncontradicted, and, as we think, made a *prima facie* case for appellant.

The Circuit Court at the instance of appellees gave the fol-lowing instructions to the jury:

" 1.    The court instructs the jury for the defendants, that unless they shall find from a 'preponderance of the evidence that the plaintiff, the Chicago, Springfield & St. Louis Railroad Company, was in the actual occupancy and possession of the property in controversy at the time of the alleged trespass complained of in plaintiff's declaration, then the jury must find the defendants not guilty.

" 3.    The court instructs the jury, for the defendants, that in an action of trespass the gist of the action is the injury to the possession, and if the jury believe from the evidence in this case that the plaintiff, at the time of the alleged trespass, was not in possession of the property in the declaration men-tioned, then the jury will find for the defendants."

These instructions assume that the appellant had failed to prove its ownership of the property in suit. In this there was error. There was evidence tending to prove such ownership and, as already stated, sufficient in one opinion to support the claim in the absence of all counter-proof. These instructions no doubt controlled the jury and influenced the verdict.

Appellant insists that there was error in refusing the fifth, sixth and seventh instructions asked on its behalf. All that is important in the fifth and seventh is contained in the first given for appellant, and we think the sixth is faulty in leaving it to the jury to determine what would entitle the appellant to the possession of the property. There was no error in refusing these instructions.

It is urged there was error in excluding evidence offered by appellant for the purpose of identifying the property intended to be embraced in the chattel mortgage.

Appellees, by their argument, concede that this chattel mortgage was inoperative upon the property in question, and such was the view of the Circuit Court, as appears from an instruction which it gave advising the jury to disregard it as a defense to the alleged trespass; but appellees insist that it was properly admissible in evidence to show good faith and a claim and color of right, thereby rebutting the idea of malice and confining the plaintiff, in the event of recovery, to actual damages.

The language of description employed, when the facts of the then situation are considered, leave it somewhat uncertain whether it was intended to cover the track or merely the loose articles of similar designation lying along the right of way.

Waiving all discussion as to whether the construction company had any right in the track at that time which it could convey by such an instrument or any other, we are inclined to think it was competent to identify the property intended to be affected. The description was as follows: "All the railroad ties, about 5,000 in number, more or less, and all railroad iron, such as rails, splices, bolts, nuts and spikes, and all lumber and tiling of said construction company in North Litchfield township, in said county, located on bed of railroad or otherwise."

"Also all the railroad ties, 6,000, more or less, and all plank, timber and other property of said construction company in South Litchfield township, in said county, on bed of railroad or otherwise."

In connection with other evidence which was received tending to show the general situation when the mortgage was made, appellant offered to prove, by witnesses, that at the time the mortgage was made, there was personal property of the Empire Construction Company lying on and near the right of way of the Q. & St. L. R. R. and the right of way of the Chicago, Springfield & St. Louis R. R. as follows: 11,319 ties, 46 tons of rails, oak plank and tiling to the amount of $700, several keg of bolts, spikes and splice bars; none of which were in the track laid on Adams street.

This and other like proof was rejected, and as we think

erroneously, and it was immaterial whether the mortgage was offered as a complete justification or in mitigation of damages. Bell v. Prewitt, 62 Ill. 361, and cases cited.

The appellant not being a party to the contract can not be precluded from proving what was the real intention of the parties, although such proof may contradict the writing. 1 Greenl. Ev., Sec. 279; 2 Wharton Ev., Sec. 920.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*