### Benton Aleshire v. Lee County Savings Bank.

1. MORTGAGES—*When Contemporaneous Parol Agreements Not Included in Mortgage May Be Shown.*—A contemporaneous parol agreement not included in the mortgage may be shown when such an agreement would render the mortgage void as against third parties under our statute.

2. SAME—*Third Party May Prove Fraudulent Intention of Parties.*—A third party may prove the fraudulent intention of the parties to the mortgage, although such proof does contradict the express terms thereof.

3. INSTRUCTIONS—*That Mortgage Is Not Invalidated by an Agreement Between the Parties that Mortgaged Property May Be Sold.*—An instruction to the effect that the mortgage was not invalidated by reason of the mortgagee ratifying sales made by the mortgagor of the mortgaged property, or by reason of the mortgagee authorizing the mortgagor to sell the same provided the proceeds of such sale were accounted for to the mortgagee by him, is erroneous for the reason that the mortgage would be void as against defendant, if he was a *bona fide* purchaser of the property for value without notice.

Replevin.—Appeal from the Circuit Court of Hancock County; the Hon. JOHN A. GRAY, Judge presiding. Heard in this court at the May term, 1902. Reversed and remanded. Opinion filed November 1, 1902.

D. E. MACK and W. H. HARTZELL, attorneys for appellant.

APOLLOS W. O'HARRA, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

On April 23, 1901, the appellee, Lee County Savings Bank, a corporation, by an appropriate proceeding instituted by it in the Circuit Court of Hancock County against the appellant, Benton Aleshire, replevied from him fifteen

Aleshire v. Lee County Savings Bank.

two-year old black steers which it claimed were of the Pole Angus breed and were included in a chattel mortgage which it held from John W. Laswell and wife.

The appellant defended the proceeding upon the ground that the steers belonged to him as purchaser from Laswell for full value paid, and that they were not the same steers which were described in the mortgage, and if they were, the mortgage was invalid as against third parties by reason of an agreement which was made between the appellee (mortgagee) and Laswell and wife (mortgagors) when the mortgage was executed, to the effect that they (Laswell and wife) might sell the steers included in the mortgage whenever they saw fit, the same as though no mortgage had been given upon them.

The jury found a verdict in favor of the appellee, and the appellant moved for a new trial, which the court denied, and gave judgment on the verdict.

The appellant preserved an exception, brings the proceeding to this court by appeal, and to reverse the judgment argues for error that the court refused to admit proper evidence offered by him; admitted improper evidence offered by appellee; gave improper instructions for the appellee; refused improper instructions for appellant; and that the verdict and judgment are against the law and the evidence.

John W. Laswell was a cattle buyer, feeder and shipper, and had in his possession a large farm in sections 26 and 35, in Dallas township, Hancock county, Illinois, called in this record the "B. F. Johnson farm," where he bought, fed and sold cattle quite extensively. On December 9, 1899, he bought 227 young steers from Bowles Livestock Commission Company of Kansas City, Missouri, a part of which were "Pole Angus" and part white-faced "Herefords." These steers were shipped to the "Johnson" farm, and to enable Laswell to pay for them, he borrowed $9,000 from the appellee and gave it the note of himself and wife, dated December 11, 1899, for that amount, payable one year after date, with seven per cent interest, and secured the note by giving the appellee a chattel mortgage of the same

date, signed by himself and wife, properly acknowledged and recorded in said Hancock county, and by it, among other chattels, they mortgaged "227 head of two-year old steers, all dehorned, 112 being black Pole Angus and 115 being white-faced Herefords, all bought of Bowles Live-stock Commission Co. at Kansas City, Mo., Dec. 9, 1899, by draft of J. W. Laswell on Lee County Savings Bank."

On October 16, 1900, being after the chattel mortgage had been duly acknowledged and recorded, the appellant, for full value paid, purchased from Laswell the fifteen steers in question, they, together with a number of others, being then on the "Brill" farm, some six or eight miles distant from the "Johnson" farm.

There was a sharp conflict in the evidence as to whether or not the fifteen steers answered to the description of the Pole Angus steers included in the mortgage, and the appellant offered to show by Laswell and his wife that there was an agreement made between them and the appellee, by its cashier, at the time the chattel mortgage was executed, to the effect that they (the mortgagors) might sell and dispose of any or all of the steers included in the mortgage at any time they thought best, the same as if the mortgage had not been given upon them, but the court refused to admit the offered testimony upon special objection by counsel for the appellee to the effect that such testimony was improper for the reason that it was incompetent for the appellant to prove a contemporaneous parol agreement not included in the mortgage and at variance with the express terms thereof, and the appellant preserved an exception.

The appellant testified to the effect that at the time he purchased the steers from Laswell, he (appellant) did not know they were mortgaged to the appellee, but understood that they were mortgaged to the Iowa Livestock Commission Company of Chicago, and that at the request of Laswell, the purchase price of the steers was paid by him to that company. After which, over the objection and exception of the appellant, the court permitted the appellee to introduce the chattel mortgage from Laswell to the Iowa

Livestock Commission Company referred to by the appellant, from which it appeared the steers did not answer the description of those in question.

We are satisfied that the court properly admitted in evidence the chattel mortgage of Laswell to the Iowa Livestock Commission Company, because it was competent to explain away the claim made by the appellant that the steers were included in that mortgage.  But we think that the court erred in excluding the offered testimony of Laswell and wife for the reason that it was proper for the appellant to show, if he could, that they, the mortgagors, in the mortgage to the appellee under which it claimed the steers in question, made an agreement with the mortgagee (appellee), at the time the mortgage was executed, to the effect that they (the mortgagors), might sell the steers included in the mortgage at any time they saw fit, as if they were not mortgaged, for such an agreement would render the mortgage void as against third parties under our statute.   William Deering Co. v. Washburn, 141 Ill. 153.

The appellant was not a party to the mortgage, nor was he claiming the steers in any way under it so as to make him a privy thereto, but he was insisting that the steers in question were not the steers described in the mortgage, or if they were, then the mortgage was void as against him, a third party, by reason of the agreement, and therefore he was not precluded from proving the fraudulent intention of the parties to the mortgage, although such proof did contradict the express terms thereof.   1 Greenl. Ev., Sec. 279; 2 Wharton Ev., Sec. 920; and Chicago, Springfield & St. L. R. R. Co. v. Beach, 29 Ill. App. 157.

It would be entirely different if the appellant was claiming the steers under the chattel mortgage instead of against it.   Schultz v. Plankinton Bank, 141 Ill. 116.

The evidence was conflicting as to whether the fifteen steers in controversy were of the " Pole Angus " or " Gallaway " breed and whether they were one or two years old at the time the mortgage was given, and with the evidence in that condition, the court, by appellee's seventh

given instruction, required the jury to believe from the evidence, in order to find for the appellee only, that the steers in dispute were a part of those purchased from the Bowles Livestock Commission Company, whereas the jury should have been required to believe further that the steers were of the " Pole Angus " breed and about two years old, so that when the appellant purchased them, he could have been apprised by those facts and the description in the mortgage that they were included in it, and it was prejudicial error to give the instruction with that omitted.

The court also committed prejudicial error against the appellant by giving appellee's thirteenth and fourteenth given instructions, to the effect that the mortgage was not invalidated by reason of the appellee ratifying sales made by Laswell of the mortgaged property, or by reason of the appellee authorizing Laswell to sell same provided the proceeds of such sale were accounted for to the appellee by him, for the reason that the mortgage would be void as against the appellant if he was a *bona fide* purchaser of the steers for value as claimed, and such sales by Laswell (the mortgagor) were authorized or consented to by the appellee (the mortgagee) although Laswell paid the proceeds of such sale to appellee. Deering Company v. Washburn, *supra;* Huschle v. Morris, 131 Ill. 587.

By appellant's third refused instruction, it was sought to have the court inform the jury that it was the duty of the appellee to see to it that the steers in question, if they were intended to be included in the mortgage, were truly described therein, so that the appellant, and others, might not be misled as to that; and that the description of them given in the mortgage must control. Inasmuch as that question was not covered by any other instruction which was given, and was involved in the case under the evidence, that instruction should have been given and it was prejudicial error for the court to refuse it.

For the errors above indicated, the judgment of the Circuit Court is reversed and the case will be remanded for another trial.