No. 11,101.

J. I. CASE THRESHING MACHINE CO. v. ROMINGER, ET AL.

Decided June 29, 1925.

Garnishment proceeding. Judgment for garnishee.

*Affirmed.*

1.   CHATTEL MORTGAGE—*Sale of Property—Lien.* Joint sale by mortgagor and mortgagee of personalty for the purpose of paying the mortgage debt, does not divest the mortgagee of his lien on the property or proceeds of sale.

2.   *Sale—Statute of Frauds.* Where there was a sale of mortgaged property for the purpose of paying the mortgaged debt, the contention that there was no such delivery of the property to the mortgagee as would satisfy the statute of frauds, overruled.

3.   *Conditional Sale.* The contention that a clause in a chattel mortgage providing that in case of default the mortgagor's possession should be that of a bailee for the mortgagee, made the instrument a conditional sale and not a mortgage, overruled.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. FRANK L. GRANT, for plaintiff in error.

Mr. L. F. CRAWFORD, Mr. FRANK D. ALLEN, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiff in error was defeated on trial to the court of a garnishment against the bank and Schmidt upon an execution against the Romingers, and brings error.

The essential facts, of which there was an agreed statement, were as follows: October 24, 1923, the company obtained a judgment against the Romingers; October 30, 1923, the Romingers gave the bank a note for $891, due in eight months, and secured it by chattel mortgage on horses, wagons and other chattels at their farm. Afterwards F. E. Rominger advertised that on March 27, 1924, he would sell the mortgaged property at the farm, saying "If terms are desired make arrangements with the First National Bank of Akron, otherwise the above will all be sold for cash." At the opening of the sale the auctioneer announced that the sale would take place by virtue of a chattel mortgage held by the First National Bank of Akron and that the proceeds would go to said bank to satisfy its debts against F. E. Rominger. The property remained in the Romingers' possession from the date of the mortgage till it was removed after the sale. The sale took place as advertised and during it the garnishment was served on the bank and Schmidt, who was clerk of the sale and received the money.

The question is whether the bank had a valid claim to the proceeds of the sale in Schmidt's hands at the time of the garnishment. We think it had. Plaintiff in error says the lien was lost by the mortgagee's consent to a sale by the mortgagor, and cites *Moore v. Jacobucci,* 70 Colo. 171, 197 Pac. 1015. It is true that if the mortgagee lets the mortgagor sell for his own account, he loses the lien on both the goods and their proceeds. The reason

is that such a proceeding is fraudulent, as explained in *Wilson v. Voight,* 9 Colo. 614, 13 Pac. 726, but it is there clearly indicated that if the proceeds are to go in payment of the mortgage debt the rule is otherwise. What objection can there be to a sale by the mortgagor and mortgagee together for the purpose of paying the mortgage debt? We can see none, and that is what the agreed statement shows that they did.

If *Moore v. Jacobucci, supra,* can be said to hold that such a sale as the present avoids the lien, it must be said to be overruled by *Clatworthy v. Ferguson,* 72 Colo. 259, 210 Pac. 693; but the present case is distinguished from either of the others by the fact that here the goods were, by agreement between them, actually, intentionally and avowedly sold by the mortgagor and mortgagee, for the benefit of the latter, and the proceeds received for the same purpose. This case thus shows by evidence what was inferred in the Clatworthy Case from the custom of the sugar company in dealing with mortgaged beets.

The company claims that there was not such delivery of possession by Rominger to the Bank as would satisfy the statute of frauds. We think the claim irrelevant. The bank retained its lien on the chattels until the sale was completed and the proceeds were its own, in the hands of Schmidt as its agent or trustee, because the goods were sold for its benefit; therefore the question of sufficiency of delivery does not arise.

The claim is made that the instrument held by the bank was not a chattel mortgage but a conditional sale, because it provides that in case of default the mortgagor's possession shall be that of a bailee for the mortgagee. We do not see, however, how that makes it a conditional sale, and there was no default, the mortgage note was not due.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.