John Deere Plow Company, Appellant, v. L. A. Hersh-
barger, Appellee.

Gen. No. 8,477.

the October term, 1930. ▪  Heard in this court at
Opinion filed January 26, 1931.

H. W. Pike and B. L. Kirk, for appellant. Green
& Palmer, for Busey's State Bank.

Campbell & Graham, for appellee.

Mr. Justice Eldredge delivered the opinion of the
court.

January 6, 1930, G. W. Burnett, a tenant farmer in
Champaign county, together with his wife executed a
chattel mortgage to secure four promissory notes on
certain machinery, live stock and his undivided half in-
terest in 35 acres of growing wheat located on the N½
of SE¼ of sec. 21 of Somers Twp., Champaign county,
Illinois. On May 19, 1930, G. W. Burnett executed an-
other chattel mortgage to secure the same notes on
his undivided half interest of 80 acres of growing oats,

105 acres of growing corn and 40 acres of soy beans all located on the said premises. These mortgages were duly acknowledged and filed for record. The first mortgage provides as follows:

"The Undersigned, of Urbana, Section 15, 21 and 22, Township Somers, Range 19, of the county of Champaign and State of Illinois, for the purpose of securing the payment of my several promissory notes hereinafter described, payable to S. E. Dillavou of Champaign, Ill., assigned to John Deere Plow Co. of Moline, Ill., Mortgagee, herein, whose postoffice address is Moline, Ill., to-wit: (then follows a list of notes giving their amounts and due dates.)"

The last note listed is for $5,894.76, the date of the note is marked 12-31-29 and the date due is marked 12-31-32. The second mortgage is in substantially the same language and each mortgage provides that the notes were payable to S. E. Dillavou and assigned to John Deere Plow Co. of Moline, Illinois.

Appellee recovered a judgment in the circuit court of Champaign county on July 25, 1930, against the said G. W. Burnett for the sum of $796.14 and an execution was issued thereon. On July 23, Burnett delivered to the elevator of Corray Brothers in the City of Urbana 412 bushels and 50 pounds of wheat which were originally included in the chattel mortgage given on the 6th day of January, 1930. On July 25, 26 and 28, said Burnett delivered to said elevator 1,275 bushels and 30 pounds of oats which said oats were originally mentioned in the second chattel mortgage above mentioned. The wheat and oats above specified was delivered to Corray Brothers by Burnett and received by them in the usual course of their business as grain merchants. The sheriff of Champaign county by virtue of the execution issued upon the judgment entered in favor of appellee levied upon the above mentioned wheat and oats, whereupon appellant brought

this trial for right of property in the county court. All the facts are admitted by a written stipulation and the court entered a judgment in favor of appellee.

The stipulation provides as follows:

"It is further stipulated and agreed that one of the notes mentioned in both of the mortgages hereinabove specified to-wit the note for Five Thousand Eight Hundred Ninety-four Dollars and Seventy-six cents ($5,894.76), and shown by said mortgages to have been given on the 31st day of December A. D. 1929 and to mature on the 31st day of December 1932, was made, executed and delivered by the said G. W. Burnett, payable to Busey's State Bank, of Urbana, Illinois, and that the indebtedness evidenced by said note was originally the indebtedness of the said G. W. Burnett to the said Busey's State Bank, and not to the said JOHN DEERE PLOW COMPANY, but was included in the said mortgages pursuant to an agreement between the said JOHN DEERE PLOW COMPANY and the said Busey's State Bank for the purpose of attempting to secure the said Busey's State Bank and that said note since the time of its making has been and now is in the possession of and owned by the said Busey's State Bank."

It is apparent that the note executed by Burnett for the sum of $5,894.76 was never made payable to S. E. Dillavou and assigned by the latter to appellant but was made payable to Busey's State Bank and is still held by it. It was included in the mortgages pursuant to an agreement between appellant and Busey's State Bank for the purpose of attempting to secure the bank. The chattel mortgages, therefore, in so far as this note was concerned, were fictitious and including it in the mortgages under a false statement of facts was at least a constructive fraud upon the creditors of Burnett.

It is repeatedly asserted by counsel for appellant in their brief and argument that the wheat and oats were delivered to the elevator with instructions to hold the

same. There is nothing in the stipulation of facts which substantiates this assertion but on the contrary it is shown by the stipulation that the grain was delivered to Corray Brothers in their regular course of business as grain merchants which can mean but one thing, that it was delivered to them for sale, and appellant, after it became aware of the delivery of the grain to the elevator by Burnett allowed 14 days to elapse before it took any steps to assert its title thereto. Moreover, there is nothing in the stipulation to the effect that the grain was delivered by Burnett to the elevator without the knowledge of appellant. A sale of mortgaged property by the mortgagor with the consent of mortgagee renders the mortgage invalid. *William Deering & Co. v. Washburn,* 141 Ill. 153.

The county court properly found the right of property in appellee and the judgment of the county court is affirmed.

*Affirmed.*