**In the Matter of CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, Debtor.**

**Appeal of BANKERS TRUST COMPANY, Plaintiff-Appellant,**

v.

**William M. GIBBONS, Trustee-Appellee.**

**No. 76–2137.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 30, 1978.

Decided Aug. 2, 1979.

---

Norman Yoerg, Jr., New York City, for plaintiff-appellant.

Nicholas G. Manos, Chicago, Ill., for trustee-appellee.

Before FAIRCHILD, Chief Judge, and PELL and WOOD, Circuit Judges.

FAIRCHILD, Chief Judge.

This is an appeal by Bankers Trust Company, Indenture Trustee, from an order denying its petition for annulment of the disaffirmance of a contract of guaranty. The Rock Island is a Debtor in railroad reorganization proceedings under Section 77 of the Bankruptcy Act (11 U.S.C. § 205). The Rock Island was a signatory of Guaranty Agreement, August 15, 1962, between twelve railroads and Bankers Trust as Trustee. Under the Guaranty Agreement, the railroads jointly and severally guaranteed the payment of bonds subsequently issued by The Belt Railway Company of Chicago.

By letter dated October 3, 1975, directed to The Belt and Bankers Trust, William Gibbons, the Reorganization Trustee for Rock Island, disaffirmed the Guaranty Agreement and all obligations of Rock Island thereunder. The bonds had been issued, the consideration paid to or for the benefit of The Belt, and there have been no defaults.

The district court denied the petition. It noted the agreement of the parties that Bankers Trust should occupy the status of a general unsecured Creditor in any plan of reorganization, and that by statute a person injured by a rejection of an executory contract is a creditor to the extent of the actual damage or injury. The court apparently concluded that Bankers Trust could not be harmed by the rejection.

Bankers Trust views the disaffirmance as an exercise of the power, given the Trustee by 11 U.S.C. § 205(b), first paragraph, to "reject contracts of the debtor which are executory in whole or in part" and considers rejection of the Guaranty Agreement by the Rock Island a potentially serious impairment of the rights of holders of the bonds, for which they have already paid.

The Reorganization Trustee agrees that the only issue before this court is whether the rejected Agreement is an executory contract. He argues that it is executory because none of the twelve railroads has performed it, default by The Belt not having occurred.

■ Semantically a contract executory in whole or in part could include the debtor or bankrupt's unperformed obligation under a contract fully performed by the other party. Such a construction would permit a trustee

to repudiate accrued obligations. It would be wholly out of keeping with the purpose to be served, to permit a trustee to minimize the further accrual of obligations on an unprofitable basis. "It seems clear, therefore, that a contract which is executory only in the sense that it provides the fully performed non-bankrupt party with a claim against the bankrupt estate is not one which may be assumed or rejected." Vern Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn.L.Rev. 439, 456 (1973).

An executory contract has been defined, within the meaning of the Bankruptcy Act as "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." *Ibid*, p. 460. *In Re Knutson*, 563 F.2d 916, 917 (8th Cir. 1977).

■ The obligation of the guarantor is ordinarily contingent upon default by the principal, but the contingent character of the obligation does not logically make it executory for the purpose of the Bankruptcy Act.

Decisions under other provisions of the Bankruptcy Act support the proposition that a contract fully performed by the non-bankrupt party is not deemed executory by reason of the fact that the bankrupt or debtor has not performed. *In Re Forney*, 299 F.2d 503, 507 (7th Cir. 1962); *In Re Grayson-Robinson Stores, Inc.*, 321 F.2d 500, 502 (2d Cir. 1963).

The Reorganization Trustee has cited several cases which he says reflect the propriety of disaffirmance of guaranties of bonds in railroad reorganizations. *New York Trust Co. v. New York & Greenwood Lake Ry. Co.*, 156 F.2d 701, 702 (3d Cir. 1946); *Delaware & Hudson Co. v. Boston RR Holding Co.*, 328 Mass. 63, 102 N.E.2d 67, 72–74 (1951), *cert. denied* 343 U.S. 920, 72 S.Ct. 676, 96 L.Ed. 1333; *In Re Minneapolis, St. P. & S.S. M. Ry. Co.*, 48 F.Supp. 330, 337 (D.Minn.1942). The references are peripheral, and the decisions do not demonstrate any reason that an agreement by a debtor railroad to guarantee bonds is an executory contract under the Bankruptcy Act after the bonds have been issued and the consideration paid.

One particular provision of the 1962 Guaranty Agreement deserves mention. Section 1.10 thereof provides that if reorganization proceedings are commenced by or against any guarantor railroads and the Reorganization Trustee does not assume its obligations in writing within thirty (30) days in such manner that such obligations shall have the same status as obligations incurred by the Trustee, the railroad will forthwith pay to the Indenture Trustee, for the benefit of bondholders, the whole principal of the outstanding bonds, to be held by the Indenture Trustee as further security for the bonds, or applied to redemption of bonds.

The district court suggested that the Reorganization Trustee's disaffirmance was only the negative of an assumption under Section 1.10. Perhaps that interpretation of the disaffirmance might have ended the matter, but as previously noted, the Reorganization Trustee treats the disaffirmance as a rejection of an executory contract pursuant to statutory authority.

■ Neither party has questioned the validity of Section 1.10. Whatever its ultimate effect, we are unable to see how its presence makes the Guaranty Agreement executory so that the statute will permit rejection.

The order appealed from is REVERSED and the cause REMANDED with instructions to declare that the Guaranty Agreement is not executory, and that the Reorganization Trustee's disaffirmance is not authorized by the statute as a rejection of an executory contract.