BARTON, Sheriff, et al. v. LARY. (No. 1871.)

(Court of Civil Appeals of Texas. El Paso. April 15, 1926.)

1. Continuance ⟨Key⟩22—First application for continuance because of absence of material witness, to procure whom due diligence was shown, held erroneously overruled.

Overruling first application, in compliance with statute, for continuance because of absence of witness, whose testimony was material on issue tendered by applicant, held error, where due diligence to procure him was shown.

2. Sales ⟨Key⟩218½—That peanut crop, sacked for delivery when bill of sale, prima facie evidencing intent to pass title in præsenti, was executed, was not then delivered and consideration paid, did not prevent passing of title as matter of law.

That peanuts, sacked ready for delivery when bill of sale of entire crop, prima facie evidencing parties' intention to pass title in præsenti, was executed, were not then delivered and consideration paid, did not of itself prevent passing of title as matter of law.

3. Sales ⟨Key⟩215—Parties' intention determines whether sale was executory or title passed when bill of sale was executed, and intent to pass title will be given effect, in absence of insuperable objection.

On question whether sale was executory or title passed when bill of sale was executed, parties' intention is controlling, and intent to pass title will be given effect, in absence of insuperable objection, as where chattels sold are not segregated from mass of like kind and identified as subject of sale.

4. Trial ⟨Key⟩253(5)—Instruction that seller's promise to sell and deliver in given time at fixed price and purchaser's promise to accept and pay for goods constitute contract equally binding on both parties, whether oral or written, held erroneous, as ignoring controlling question as to parties' intent to pass title.

On issue whether sale of peanut crop was executory, or title, passed when bill of sale was executed, instruction that seller's promise to sell and deliver personalty within given time at fixed price and purchaser's promise to accept and pay it constitute contract equally binding on both parties, whether oral or written,

*held* erroneous, as ignoring controlling question whether parties intended to pass title.

**5. Judgment ⌑682(2).**

Judgment foreclosing mortgage *held* not res judicata against purchaser of mortgaged crop, who was not party to foreclosure suit.

**6. Chattel mortgages ⌑129.**

Mortgage constituted lien, superior to that of subsequent purchaser of mortgaged crop, but did not give mortgagee superior title.

**7. Chattel mortgages ⌑237.**

Mortgagee cannot make acceptance of payment by subsequent purchaser of mortgaged crop conditional on payment of mortgagor's unsecured debt also.

**8. Trial ⌑133(6).**

Refusal to instruct jury to disregard objectionable argument of counsel is error.

**9. Sheriffs and constables ⌑169.**

Judgment against sureties on sheriff's official bond cannot be sustained, in entire absence of evidence that defendants were such sureties.

**10. Appeal and error ⌑1050(1)—Sheriffs and constables ⌑169—Evidence of seizure of other property than peanuts, levied on and sold under writs of attachment and sequestration in mortgage foreclosure suit, held incompetent and highly prejudicial to defendants in subsequent suit by purchaser of peanuts on sheriff's bond for conversion.**

To rebut testimony that only part of peanut crop was levied on and sold under writs of attachment and sequestration in mortgage foreclosure suit, it was competent for purchaser of crop, in subsequent suit on sheriff's bond for value of peanuts converted to show that all were seized and converted by sheriff, whose return was not conclusive of number of bushels seized and sold, but evidence of seizure of other property was incompetent and highly prejudicial to defendants.

**11. Sheriffs and constables ⌑170—Amount of unsatisfied mortgage lien on peanut crop should be credited on value of peanuts, found to have been converted by sheriff in suit on his bond by purchaser of crop.**

Amount of mortgage lien on peanut crop should be credited on value of peanuts, found to have been converted by sheriff in suit on his official bond by purchaser of crop, unless lien has been otherwise satisfied.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Action by J. L. Lary against J. D. Barton, Sheriff of Eastland County, and others, in which the defendant named impleaded the First State Bank of Carbon, Tex. From a judgment for plaintiff, all defendants appeal. Reversed and remanded.

Conner & McRae, of Eastland, and J. D. Barker, of Cisco, for appellants.

Turner, Seaberry & Springer, of Eastland, for appellee.

HIGGINS, J. Lary sued Barton, the sheriff of Eastland county, and the sureties upon his official bond to recover the value of certain peanuts alleged to have been the property of the plaintiff and converted by Barton. The latter impleaded and asked for judgment over against the First State Bank of Carbon, Tex. The plaintiff recovered judgment, and all defendants appeal.

In the year 1923, J. W. Guy raised a crop of peanuts upon the Joseph M. Morris farm. A few days before November 23d, of that year, he harvested the crop and had the peanuts threshed, sacked, and situate in the field ready for sale and delivery. On that date he executed and delivered at Gorman a bill of sale to Lary, which reads:

"The State of Texas, County of Eastland.

"That J. W. Guy, of the county of Eastland and state aforesaid, for and in consideration of the sum of sixteen hundred eighteen and 75/100 dollars, to me in hand paid by J. L. Lary, the receipt of which is hereby acknowledged, have bargained, sold and delivered, and by these presents do bargain, sell and deliver, unto the said J. L. Lary of the county of Eastland and state of Texas, the following described personal property in Eastland county, Texas, to wit: Nine hundred twenty-five bushels of peanuts (more or less) now threshed and sacked on the Joseph M. Morris farm; said peanuts being the 1923 crop. I hereby guarantee weights and grades.

"And I do hereby bind myself, heirs, executors, administrators and assigns, to forever warrant and defend the title to the said property unto the said J. L. Lary, his heirs, executors, administrators and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof.

"Witness my hand at Gorman, Texas, this 23d day of November, A. D. 1923.

"[Signed] J. W. Guy."

Prior to November 30th Guy delivered sixty bushels of the peanuts to Lary.

The First State Bank of Carbon held three notes of Guy, one of which was unsecured, one secured by a mortgage on a horse, and one secured by mortgage on his 1923 crop of peanuts, and other personal property. On November 30, 1923, said bank filed suit against Guy upon these notes and to foreclose its mortgages and procured the issuance of a writ of attachment which was levied by a deputy of Barton upon the peanuts then sacked and situate in Guy's field. A few days later the bank procured the issuance of a writ of sequestration in the suit which the deputy executed by seizing said peanuts. It appears the deputy did not take actual possession of the peanuts, but notified Guy he had levied upon the same and forbade Guy to touch them, which injunction was obeyed by the latter. The peanuts remained

---

⌑For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in the field, exposed to rains then falling, but prior to judgment they were ordered sold as perishable property and the proceeds held to await the judgment. In that case Guy reconvened for damages on account of the alleged wrongful and malicious issuance of the attachment. All issues in that case were found against Guy, and judgment rendered accordingly.

There is no occasion to discuss at length the numerous assignments and propositions submitted by appellants. To do so would protract the opinion beyond any reasonable length. Our conclusions of law will be briefly stated.

[1] 1. The court erred in overruling appellant's application for a continuance. It was the first application, was in compliance with the statute, due diligence was shown to procure the absent witness, and his testimony was material upon the issue tendered by appellant that the sale to Lary was fraudulent and simulated. Consumers', etc., v. Hubner (Tex. Civ. App.) 154 S. W. 249; Pease v. State ex rel. Southerland (Tex. Civ. App.) 155 S. W. 657; Railway v. Yates (Tex. Civ. App.) 33 S. W. 291. The qualification to the bill as shown by the supplemental transcript shows no excuse for overruling the motion.

[2] 2. The court did not err in refusing a peremptory instruction requested by appellant upon the theory that title to the peanuts had not passed to Lary because delivery thereof had not been made at the time the writs were levied, and payment therefor was not to be made until delivery.

At the time the bill of sale was executed the peanuts were sacked, ready for delivery, and the entire crop was sold. The bill of sale, upon its face, prima facie evidenced the intention of the parties to pass the title in præsenti, and the fact that delivery was not then made and the consideration paid did not of itself prevent the passing of title. Irvin v. Edwards, 92 Tex. 258, 47 S. W. 719; Farmers', etc., v. Standard, etc. (Tex. Com. App.) 276 S. W. 904.

[3, 4] 3. The case was submitted upon special issues. The issue was submitted whether Guy sold the peanuts to Lary on November 23, 1923. This was answered in the affirmative. In connection with this issue the court gave this charge:

"You are instructed that a promise on the part of the owner of personal property to sell and deliver personal property in a given time at a fixed price to a purchaser and a promise on the part of the purchaser to accept and pay for same would constitute a contract equally binding on both seller and purchaser whether the agreement between the parties be oral or written."

Proper exception was reserved to this instruction. The controlling question with respect to this issue was whether the sale was executory or the title passed on November 23d. Upon this question the intention of the parties is of controlling importance and when the intention is to pass the title it will be given effect, unless there be some insuperable objection thereto, as in the case of the sale of chattels which have not been segregated from a mass of like kind and identified as the subject of the sale. Pierce Oil Co. v. Carroll (Tex. Civ. App.) 277 S. W. 220. The charge complained of gives a definition of an executory contract of sale, ignores the controlling question with respect to the sale here involved, and was misleading. Under the instruction given, the jury must necessarily have found in favor of Lary upon the issue of sale. As we have held above, the bill of sale evidences an intention to immediately pass the title, but it is not conclusive under all the facts and circumstances shown by the evidence in this case, and the question of whether the title passed to Lary on November 23d was one of fact for the determination of the jury. Scott & Mayhall v. Lubbock G. & C. Co., 113 Tex. 127, 252 S. W. 164. The instruction given, as applied to the facts, was misleading and erroneous. The assignment is sustained which complains thereof.

We overrule the assignment complaining of the refusal of the instruction requested by appellant with respect to the issue of sale, for neither does it announce the correct rule of law upon the issue.

[5] 4. The judgment of foreclosure rendered in the suit of the bank against Guy was not res judicata against Lary because Lary was not a party thereto. At the time that suit was filed the bank had notice of Lary's claim of title. It is well settled that the purchaser of mortgaged property must be joined in the foreclosure suit in order to bind him by the judgment rendered.

[6, 7] 5. The mortgage held by the Carbon bank did not give it title to the peanuts superior to the title acquired by Lary. In this state title remains in the mortgagor. The mortgage held by the bank constituted a superior lien, but not a superior title. Lary does not contend that his title is superior to the mortgage lien. He has at all times recognized its validity and offered to discharge the same. The bank declined to accept payment, except upon condition that Guy's unsecured debt be also paid. This demand it had no right to make.

[8] 6. The court erred in refusing to instruct the jury as requested to disregard certain argument of plaintiff's counsel. The argument was very objectionable, and the instruction should have been given.

[9] 7. There is no evidence whatever to show that the defendants sued as sureties upon the official bond of the sheriff were such sureties. The judgment against them is wholly unsupported by the evidence, and their assignment to this effect is sustained.

[10] 8. Guy and his wife were permitted to

testify that the officer levied the writ of attachment on everything on the place—mules, horse, wagon, harness, "stock, and everything I had, even a milk cow." Appellant contends that only a part of the peanuts were levied upon and sold under the writs in the suit against Guy; and, to rebut the testimony to this effect, it was competent to show that all of the peanuts were seized and converted by the sheriff. The officer's return was not conclusive of the number of bushels seized and sold. But evidence of the seizure of other property was foreign to any issue in the present suit and highly prejudicial to appellants as tending to show harsh and oppressive treatment of the Guys by the unnecessary seizure of everything they had. The testimony of Guy, complained of in the ninth assignment, and of Bettes, complained of in the twelfth assignment, was also objectionable and prejudicial, and the defendants' objection thereto should have been sustained.

[11] 9. The court. rendered judgment against appellants for the full value of the peanuts found to have been converted. The Carbon bank had a lien upon the peanuts to which Lary's title was subject.

Appellants assert that credit for the amount of the lien should have been allowed upon the value of the converted peanuts. Appellees assert that the debt secured by the lien had been satisfied by the sale of other property. Upon retrial credit should be allowed for the amount of the mortgage lien against the peanuts, unless it be shown that such lien had been otherwise satisfied.

10. There are a number of other questions presented, some of which should not arise upon retrial; others are regarded as without merit. The rulings above are sufficient for the guidance of the court upon retrial of the case.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.