## ROSS–CARTER GRAIN CO. v. H. H. WATSON CO. (No. 7019.)

(Court of Civil Appeals of Texas. Austin. Oct. 20, 1926. Rehearing Denied Nov. 10, 1926.)

1. **Venue 🔑7—Suit for breach of contract for failure to deliver shipments, authorizing inspection at destination, could be maintained in county of destination.**

Written contract for sale of maize heads with specified destination unless otherwise advised, and provision for inspection for determination of weight, *held* to contemplate inspection at destination, and as such constituted written contract of sale, on which suit for breach for failure to deliver could be maintained in county of destination.

2. **Contracts 🔑127(4)—Provision in sale contract, attempting to lay venue of action on contract exclusively in county of seller's residence, would be void.**

If seller's intention by provision in sale contract was to lay venue of action on contract exclusively in county of his residence, provision would have been void to that extent.

On Motion for Rehearing.

3. **Venue 🔑7—Seller's failure to deliver under contract authorizing inspection at destination does not defeat right of action in county of destination.**

Failure to make shipment under sale contract authorizing inspection at point of delivery does not defeat buyer's right to maintain suit in county of residence where shipment was to be made.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit by the H. H. Watson Company against the Ross-Carter Grain Company. Order overruling defendant's plea of privilege, and defendant appeals. Affirmed.

J. H. Synnott, of Dallas, for appellant.
Geo. Sergeant, of Dallas, for appellee.

McCLENDON, C. J. Appeal from an interlocutory order overruling a plea of privilege filed by appellant, seeking to change the venue of the suit from Dallas county to Harris county, where appellant resided. The only question in the case is whether the evidence will support a finding that the suit was based upon a contract in writing to be performed in part in Dallas county. The suit was for breach of contract for failure to deliver two shipments of maize heads purchased by appellee from appellant.

[1] We have reached the conclusion that the writings constituting the agreements of the parties in effect guarantee within 2 per cent. the weights of the commodity sold at Dallas as the point of destination, and that therefore the decision is ruled by that in Scott v. Grain Co., 113 Tex. 127, 252 S. W. 164, and the judgment of the trial court should be affirmed.

The contracts were originally made over the telephone between appellee and a broker at Houston, Beatty-Archer Co., Inc., subject to confirmation. The broker mailed to the appellant and appellee each a written confirmation. Appellant then mailed a written confirmation to appellee, which appellee in turn confirmed in writing. With reference to one of these shipments these writings were as follows:

Broker's confirmation:

"Confirmation—Buyer's Copy. No. 57. Beatty-Archer Co., Inc., Brokers and Manufacturers' Agents, Room 429. First National Bank Building, Houston, Tex., Sept. 13, 1923. Sold to H. H. Watson Company, Dallas, Texas. Our telegram, ———, 192—. Account of Ross-Carter Grain Co., Houston, Texas. Enter order for and ship the following via ———. Shipment 1923. Terms: Arrival draft, inspection allowed wts. guaranteed within 2 per cent. Check: Quantity, 10 cars. Description, good, sound, reasonably heavy maize heads, at cost, $27.50, basis present freight rates. This contract not to exceed 250 tons, and to be not less than 200 tons. Confirmed by seller, ———. All orders subject to confirmation. Beatty-Archer Co., Inc., per W. R. Archer."

Appellant's confirmation:

"To Deliveries on Confirmation. Shipped By Quantity. Car Numbers. Charge No. Destination: Dallas, unless otherwise advised. Ross-Carter Grain Co., Successors to Thompson-Grace Co., 2020 Conti Street, P. O. Box 311, Houston, Texas, Sept. 13, 1923. Confirmation No. 1442. H. H. Wilson Co., Dallas, Texas—Dear Sir (s): As per Beatty-Archer Co., we beg to confirm sale to you of the following: Commodity: Maize heads, sound, dry, and reasonably heavy. Quantity: Ten cars. Price: $27.50 T C P based on present Texas rates. Shipment: Our option 1923. Terms: Grades as above, weights within 2 per cent. Routing: Any. Bank: Any. Thanks. It is also agreed that this confirmation is part of the contract, and its acceptance without notifying us of any error herein is acknowledgment of contract as above. It is agreed that all claims and differences under this contract are due and payable at Houston, Texas. Yours very truly. Ross-Carter Grain Co., Successors Thompson-Grace Co., by B. C. Ross."

Appellee's confirmation:

"Dallas, Texas, Sept. 17, 1923. Ross-Carter Co., Houston, Texas—Gentlemen: Your confirmation No. 1442 received and correct. Yours very truly, H. H. Watson Company, H. H. Watson. HHW—WM."

---

🔑For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The writings with reference to the other shipment are substantially the same as those above quoted, except that in appellant's confirmation under the heading "Destination" were the words, "To be Furnished," in writing, followed by the word, "Dallas," which was typewritten.

It is not necessary to discuss the effect of this change in language with reference to destination, as jurisdiction was properly laid in Dallas if either contract was performable there according to a proper construction of its written terms. The three writings together constitute the contract. The broker's confirmation provided that the terms should be "Arrival draft, inspection allowed. Wts. guaranteed within 2 per cent." This could have no other meaning than that a draft would be drawn on the purchaser for the purchase price, that the purchaser would be allowed to inspect the shipment before accepting it; and that the weights at destination, wherever that might be, were guaranteed within 2 per cent. Appellant's confirmation designated the destination as "Dallas, unless otherwise advised," and additionally, under the head of "Terms," stated, "Grades as above; weights within 2 per cent."

The only difference between this contract and the one in Scott v. Grain Co., above, is that in the latter case the contract expressly provided that the weights were guaranteed "at destination," whereas the guaranty in the present case is simply of "weights guaranteed within 2 per cent." We think there is no serious difficulty in arriving at the terms of this guarantee. This agreement expressly gave the destination as Dallas and allowed inspection, which unquestionably was at destination. Since the contract was expressly for a shipment of maize heads to Dallas, the residence of the purchaser, the guaranty of weights would necessarily import that the point of determining the weights for the purpose of the guaranty was the point to which the shipment was destined.

[2] The provision in appellant's confirmation "that all claims and differences under this contract are due and payable at Houston, Texas," does not militate against the conclusion that the contract was performable in part in Dallas. To paraphrase the language of Scott v. Grain Co., above, appellants agreed to deliver or cause to be delivered at Dallas the quantity (by weight) within 2 per cent, of the commodity contracted to be sold. If the intention of appellant by this provision was to lay the venue of any action on the contract exclusively in Harris county, it would have been void to that extent. International Travelers' Ass'n v. Branum, 109 Tex. 543, 212 S. W. 630.

We think the trial court correctly construed the writings and retained jurisdiction of the case in Dallas county.

The trial court's judgment is affirmed. Affirmed.

### On Motion for Rehearing.

In an elaborate argument upon motion for rehearing appellee insists that we have committed grave error in our holding, predicated upon Scott v. Grain Co., 113 Tex. 127, 252 S. W. 164, in two respects: (1) Because in Scott v. Grain Co. the grain was actually shipped, and the suit was upon the guaranty of weight at destination, which had been breached; whereas here there was no breach of the guaranty but a total failure to ship at all. (2) Because the writings sued on named no certain place of destination, but merely named "Dallas, unless otherwise advised."

After conceding for purposes of the decision that under the contract in Scott v. Grain Co. the title passed to the buyer at point of shipment, the following construction of the contract guaranteeing destination weights is given:

"Independently of the question of ownership of the seed, there was unquestionably a contract in writing by which the seller guaranteed that he would deliver or that he would be responsible for the carrier's delivering at Lubbock the quantity of seed (by weight) specified in the contract."

[3] This construction of the contract we think clearly concludes the proposition first presented adversely to appellant. If there was a contract to deliver or to be responsible for the delivery of a certain quantity of maize heads at a certain point, it was as much a breach of that contract to fail in toto to deliver or cause to be delivered, as to so fail only in part. The cause of the breach was immaterial, whether from failure to ship, or from destruction of the commodity in transit, or otherwise.

Upon the second proposition we need only quote that part of the order in Scott v. Grain Co. which formed the basis of that suit regarding point of destination: "Unless otherwise ordered, bill to us at Lubbock." We are not able to grasp the distinction between that language and, "destination Dallas, unless otherwise advised."

Motion overruled.

Overruled.