## GENERAL MOTORS ACCEPTANCE CORPORATION v. HUNSAKER et al.

### No. 3785.

Court of Civil Appeals of Texas. Amarillo.

April 13, 1932.

Dorenfield, Foster & Fullingim, of Amarillo, for appellant.

Cocke & Cocke, of Wellington, for appellees.

HALL, C. J.

J. C. Hunsaker and son, Jesse, were copartners engaged in the automobile business at Wellington, in Collingsworth county. They sold cars to C. W. Bennett and eight other purchasers, who also resided in Collingsworth county, and as part payment in each transaction took notes from the respective purchasers. Said notes show to be upon blank forms furnished by the General Motors Acceptance Corporation, and contain certain conditions of sale, and the several amounts thereof were secured by chattel mortgage liens. The notes were indorsed and transferred, prior to maturity, to the General Motors Acceptance Corporation by the Hunsakers. Among other stipulations, the notes provide that they are "payable at the offices of General Motors Acceptance Corporation to be hereafter designated by it." Upon default in payment of the notes, the appellant, General Motors Acceptance Corporation, having an office in Amarillo, Tex., filed this suit against the Hunsakers in the district court of Potter county.

In due time the Hunsakers filed their plea of privilege, claiming the right to be sued in Collingsworth county, where they both reside. The plea was controverted, and upon a hearing the trial judge sustained the plea of privilege, and ordered the case transferred to Collingsworth county. Hence this appeal.

The substance of the appellant's contentions is that, because each of the notes and chattel mortgages provided that the amounts due were "payable at the offices of General Motors Acceptance Corporation to be hereafter designated by it," and because the appellees admitted that, at the time of the execution of said obligations, it was within the contemplation of the parties that the notes were to be payable at the Amarillo office of General Motors Acceptance Corpora-

tion, the evidence was sufficient to fix the venue in Potter county under R. C. S. art. 1995, subd. 5, and in this connection they further contend that, because the notes show that they were payable at a place other than the domicile of the makers, that parol evidence was admissible to show the place of payment. R. C. S. art. 1995, subd. 5, provides: "If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

The notes under consideration do not designate any particular county as the place of payment.

In Turner v. Ephraim (Tex. Civ. App.) 28 S.W.(2d) 608, it is said that the words "a particular county" as used in this subdivision of the statute contemplate and mean a county fixed and certain at the time the contract is executed and not a county subject to change by subsequent events within the control of the obligee, and that a contract of the latter nature is wholly uncertain as to the county in which it is to be performed and certainly not within the spirit of subdivision 5. We approve this holding; and in our opinion said subdivision 5 has no application to this case.

The General Motors Acceptance Corporation was not a party to the contracts of sale out of which the notes involved herein originated, and we therefore have a stipulation which attempts to give not the obligee but a third party to the transaction the right to fix the venue. As we understand subdivision 5, the "particular county" must be designated in writing at the time of the execution of the contract.

The Standard Dictionary defines "particular" as follows: "Specifying or comprising a part; constituting a single or separate one, class, or group; distinct from others or the rest; separate; single; individual; as, a particular act; * * *. (Law.) Separate or separable; being apart from others; special; limited; specific."

■ Since subdivision 5 of the statute has no application, the only other question to be considered is whether the parties to a contract may, by mutual consent, fix the venue of actions arising upon breach thereof. This question has been answered by the Supreme Court in the negative in International Travelers' Association v. Branum, 109 Tex. 543, 212 S. W. 630, 632, in which Judge Greenwood said: "We are convinced that it is utterly against public policy to permit bargaining in this state about depriving courts of jurisdiction, expressly conferred by statute, over particular causes of action and defenses."

In the absence of subdivision 5, the appellant could not have maintained a suit upon a written contract which did not fix the place of performance elsewhere than in Collingsworth county, the domicile of the Hunsakers. In virtue of the statute they must necessarily have been sued in their home county, and the rule obtains, unless it clearly appears that they have contracted in writing to perform the obligations resting upon them in some other county particularly named in the written contract.

If the doctrine announced in Strange v. General Motors Acceptance Corporation (Tex. Civ. App.) 2 S.W.(2d) 255, is at all applicable to this case, we are not inclined to follow the holding. We think the better rule is established by the following authorities citing the Branum Case: General Motors Acceptance Corporation v. Christian (Tex. Civ. App.) 11 S.W.(2d) 620; Turner v. Ephraim, supra; First National Bank v. Brown (Tex. Civ. App.) 34 S.W.(2d) 412; Smith v. Hartt & Cole (Tex. Civ. App.) 13 S.W.(2d) 408; Eggameyer v. San Antonio Machine & Supply Co. (Tex. Civ. App.) 299 S. W. 518; La Salle County Water Improvement District v. Arlitt (Tex. Civ. App.) 297 S. W. 344; Business Men's Mutual v. Lockhart (Tex. Civ. App.) 291 S. W. 658; Ross-Carter Grain Co. v. H. H. Watson Co. (Tex. Civ. App.) 288 S. W. 239; Commercial Credit Co. v. Ballard (Tex. Civ. App.) 263 S. W. 1101.

In Smith v. Watson (Tex. Civ. App.) 44 S. W.(2d) 815, 817, the contract under consideration was one for the exchange of lands. Watson's land was in Mitchell county and Smith's land was situated in Knox county. Among other provisions, the contract contained the following: "It is further understood that if said first party (Smith), shall breach this contract, then the venue of this contract shall be in Mitchell County, Texas, and in case the second party (Watson), shall breach this contract, the venue shall be in Knox County, Texas."

The court said: "Evidently this is an attempt to fix venue by a contract. That cannot legally be done, as the law provides exclusive regulations in such matters."

And further quoting from the Branum Case, as follows: "The rules to determine in what courts and counties actions may be brought are fixed upon considerations of general convenience and expediency, by general law; to allow them to be changed by the agreement of parties would disturb the symmetry of the law, and interfere with such convenience."

The judgment is affirmed.