**CUNNINGHAM et al. v. ALLISON et al.**

No. 14834.

Court of Civil Appeals of Texas.
Fort Worth.

April 25, 1947.

Rehearing Denied May 23, 1947.

Hill, Paddock & Langdon, of Fort Worth, Kleberg, Eckhardt, Mobley & Roberts, of Corpus Christi (Leslie S. Lockett, of Corpus Christi, of counsel), for appellants.

Richard Owens, of Fort Worth, for appellees.

HALL, Justice.

This is a plea of privilege suit wherein appellees Paul Allison, et al. of Tarrant County sued appellants W. S. Cunningham, et al. of San Patricio County, in the 48th District Court of Tarrant County, Texas, alleging that the parties entered into three written contracts dated January 21, 1946, whereby the appellants obligated themselves to sell to appellees 5,000,000 pounds of maize at $2.27 per 100 pounds f. o. b. Taft, Texas. They allege further that the written contracts provided among other things, "All grain shipped on this contract to be paid for at Forth Worth, Texas, and any differences arising between the buyer and seller are to be adjusted at Forth Worth, Texas." That the grain was to have been delivered in July, 1946, but that on July 8, 1946 the appellants advised appellees that they would not deliver such grain for

the price stipulated. That the price of said grain on July 8, 1946 was $3.30 per 100 pounds f. o. b. Taft, Texas, and that appellees are damaged in the sum of $51,-500 because of the appellants" refusal to comply with said contract.

Appellants filed their pleas of privilege in due form asking that the case be transferred to San Patricio County, and the appellees in due time filed their controverting affidavits.

The trial was before the Court and the pleas of privilege were overruled; hence this appeal is perfected from said order by appellants, wherein they submit three points of error, to wit:

"Point I: The error of the Court in holding that venue of an action for damages for failure to deliver goods sold by written contract can be maintained in Tarrant County, Texas, under a provision of the contract that 'any difference arising between buyer and seller is to be adjusted at Fort Worth, Texas'.

"Point II: The error of the Court in holding that the Defendants were obligated by written contracts to deliver grain to Plaintiffs at Fort Worth, Tarrant County, Texas.

"Point III: The error of the Court in holding there was a written contract between the parties."

Since all three contracts are identical as to form, we shall treat them as one. The exception to art. 1995, R.C.S., which relates to this case is Subdivision 5, as amended in 1935, Vernon's Ann.Civ.St. art. 1995, subd. 5, as follows: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

This amendment makes the exception more definite and restrictive and places the burden upon the plaintiff to prove that the contract provides a place of performance for the obligation stipulated therein to be in the county in order that the action may be maintained there. It was held in McKinney v. Moon, Tex.Civ.App., 173 S.W. 2d 217, 218, that: "The authorities, we think, well establish this proposition applicable and controlling here: that under Exception 5 to the general rule of venue, it is immaterial that some obligations imposed by a written contract are required to be performed by one or the other party in a particular county; the material and controlling fact being that the particular obligation sought to be enforced by the suit is required by the contract to be performed in a particular county expressly named."

Appellees contend, however, that the written contract involved specifically provides that the obligations of the appellants were to be performed in Fort Worth (Tarrant County), Texas. We do not interpret the contract containing such provision and therefore cannot assent to appellees' theory that this case comes within the rule announced in such cases as Texas Moline Plow Co. v. Biggerstaff, Tex.Civ.App., 185 S.W. 341; Merchants Reciprocal Underwriters of Dallas v. First Nat. Bank, Tex. Civ.App., 192 S.W. 1098, and others cited by appellees wherein it was held in substance that it was sufficient to fix venue in the county where the provisions in a written contract stated that all obligations of the defendant were performable. The rule as laid down is correct, but we fail to find in the instant contract any provision that obligates the appellant to perform duties in Tarrant County sufficient to bring the case under the rule. The contract does not state that appellant is to draw a draft on appellee payable in Fort Worth, Texas, with bill of lading attached; neither does it recite that the grain shall be shipped f. o. b. Fort Worth, but to the contrary, it stipulates that the grain shall be shipped f. o. b. Taft, Texas, to any point designated by appellees. Appellees rely principally upon the following statement in the contract to maintain venue in Tarrant County: "Grains shipped on this contract to be paid for at Fort Worth, Texas. Any difference arising between buyer and seller is to be adjusted at Forth Worth, Texas."

We cannot agree with appellees that this statement is sufficient to obligate appellant to perform any act in Fort Worth, Texas, relative to the shipping destination,

or to bills of lading drawn on appellees through any bank, and as stated in the case of George S. Allison & Sons v. Hamic et al., Tex.Com.App., 260 S.W. 1037, "Contract to authorize suit in county other than that of defendant's residence must plainly provide for performance of obligation therein.* * *

"When this statute was first enacted, the exception omitted the words 'in writing,' but· in other respects was the same. The evident purpose of the change was to reduce to certainty, and not leave to the uncertainty of mere recollection or, in some instances, to false testimony, the designation of the place of performance of any obligation that might become the subject of suit. There was no purpose in view as to contracts or obligations in general. The matter of what contracts and obligations should be in writing had already been regulated by the statute of frauds. The occasion of the amendment to the venue statute could only have been to insure that, as to any contract or obligation, whether it be written, or partly written and partly unwritten, the obligor should have the right of not being sued outside the county of his domicile, unless his obligation was by the terms of the contract performable in another county and was performable in another county, moreover, because of a written engagement to that effect.

"It has been settled that 'this is an exception to a general rule and must be construed as such,' that in order to avail himself of it, plaintiff 'must bring his case clearly' within it, and that the writing 'should plainly provide that the obligation for the breach of which the defendant is sued is to be performed in a county different from that in which the defendant resides.' Cohen v. Munson, 59 Tex. 236; Holloway v. Blum, 60 Tex. [625], 628; Lindheim v. Muschamp, 72 Tex. [33], 35, 12 S.W. 125; Behrens, etc. Co. v. Hamilton, 92 Tex. [284], 287, 48 S.W. 5; Lasater v. Waits, 95 Tex. [553], 555, 68 S.W. 500."

It was also held in the case of Ross-Carter Grain Co. v. H. H. Watson Co., Tex.Civ.App., 288 S.W. 239, that the phrase, "It is agreed that all claims and differences under this contract are due and payable at Houston, Texas," did not confer venue in Houston (Harris County), but that venue was maintained in the county where the seller obligated to deliver the grain, and the court's comment on the validity of such a phrase as above was as follows: "If the intention of appellant (seller) by this provision was to lay the venue of any action on the contract exclusively in Harris County, it would have been void to that extent. International Travelers' Ass'n v. Branum, 109 Tex. 543, 212 S.W. 630."

In the case at bar, appellees undertook by parole testimony to prove that such a phrase as "grain shipped on this contract to be paid for at Forth Worth," has been established by custom to mean that when the grain was loaded at the point of shipment, the seller received a bill of lading from the railroad company and the seller would attach his bill of lading to a draft drawn on the buyer at Forth Worth, Texas; that the buyer would pay this draft when presented and thus receive possession of the grain.

■ We do not find that parole testimony as to custom may supply the missing link in a written contract, in order to maintain venue under Section 5 of the Act, especially where the contract is plain and unambiguous as this one, which merely calls for so many pounds of grain to be purchased from appellants by appellees at a certain price f. o. b. appellants" shipping point, to wit, Taft, Texas, and that Corpus Christi official grades shall be used; that said shipment shall begin July 1, 1946 at seller's option; to be billed to where "we will advise shipping instructions". That such grain is to be paid for at Forth Worth, Texas, and any difference arising between the parties is to be adjusted in Fort Worth, Texas, such contract failing to recite any obligation on the part of appellants to perform in Tarrant County, Texas, except to adjust differences. We construe the words, "adjust differences" to pertain to the amount or quality of the grain shipped and not sufficient to hold venue under Subdivision 5 of the Act. It will also be noted that appellees are not suing to adjust any differences as to the shipping of this grain because there was none shipped, but the suit is for damages for an alleged refusal to deliver anything under the contract.

Appellants set out in their plea that the parties entered into a new contract, which cancelled the three old contracts when appellees wrote the following to appellants on June 17, 1946, "At the present, if you wish to cancel these contracts, we will be happy to do so upon receipt of your check in the amount of $19,000.00". That pursuant to said offer to cancel said three contracts, appellants on July 1, 1946 secured a bank cashier's check for said sum of $19,000, payable to appellees and sent it to them. While it may be determined on the trial upon the merits that the parties did cancel the contracts by the above, yet it will not be necessary for us to make such finding on this appeal.

The judgment of the trial court overruling the pleas of privilege of the appellants W. S. Cunningham, et al. is reversed and judgment here rendered ordering the case transferred to the District Court of San Patricio, Texas.