Scott W. ALLEN, Jr., Appellant,

v.

Charles M. LOKEY, Trustee, Appellee.

No. 19389.

United States Court of Appeals
Fifth Circuit.

Aug. 31, 1962.

Harold Karp, Carpenter, Karp & Mathews, Atlanta, Ga., for appellant, Scott W. Allen, Jr.

William H. Izlar, Jr., Atlanta, Ga., Charles L. Gowen, Brunswick, Ga., M. H. Blackshear, Jr., Atlanta, Ga., King & Spalding, Atlanta, Ga., of counsel, for appellee.

Before BROWN and WISDOM, Circuit Judges, and AINSWORTH, District Judge.

WISDOM, Circuit Judge.

The narrow question this appeal presents is whether Scott Allen, the appellant, conveyed a thirty-foot Chris Craft motor boat to the Capitol Tobacco Company, Inc., now in bankruptcy. The question arose as a result of the trustee in bankruptcy of Capitol Tobacco petitioning the referee for authority to sell the boat, which was deteriorating rapidly and was subject to a lien for dockage and repairs. The referee issued an order for all parties claiming an interest in the boat to show cause why the trustee should not sell the boat. Allen filed a response in which he asserted that he was the owner and at the hearing he was the only witness. He did not object to the nature of the summary proceeding. The referee

found that the bankrupt had title to the boat and that it was in the possession and control of the trustee. Accordingly, the referee granted the trustee's petition and ordered the boat sold. The district court upheld the referee's decision. We affirm.

On appeal, Allen contends that the referee erred in placing on him the burden of establishing his right to the boat. There is no merit to this contention: the nature of the proceeding necessarily thrust the burden of proof on the claimant. In keeping with his finding that the trustee was in control and had possession of the vessel, the referee properly characterized appellant's response to the trustee's petition to sell the boat as "in the nature of a reclamation petition". A reclamation petition is basically a proceeding by a claimant not in possession asserting title against a trustee or receiver in bankruptcy who is in possession. "[T]o regain such property the claimant must affirmatively establish his own right to possession by proving ownership, absolute or qualified. Thus the general burden of proof is on the claimant, and where he fails to sustain this burden his petition will be denied." 4 Collier, Bankruptcy, ¶ 70.39[3] at 1312. See, for example, National Silver Co. v. Nicholas, 5 Cir., 1953, 205 F.2d 52.

The appellant's second contention overlaps the first, since he insists that the evidence shows the boat was never in the possession of the bankrupt, and that the trustee erred in finding as a matter of law that he failed to carry the burden of showing he had any interest in the vessel.

Bankruptcy Order 47, 11 U.S.C.A. following section 53, stipulates:

"Unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous."

This order governs the scope of review of the appellate court as well as of the district court. We may not, therefore, set aside the referee's findings if they are not "clearly erroneous." Lines v. Falstaff Brewing Co., 9th Cir., 1956, 233 F.2d 927, 930, cert. den., 352 U.S. 893, 77 S.Ct. 129, 1 L.Ed.2d 88; Morris Plan Industrial Bank v. Henderson, 2d Cir. 1942, 131 F.2d 975; In re Howat, 7th Cir. 1960, 278 F.2d 582, cert. den., 364 U.S. 887, 81 S.Ct. 178, 5 L.Ed.2d 107.

Allen operated the Capitol Tobacco Company as a sole proprietorship before he sold the business to the Capitol Tobacco Company by a bill of sale dated July 2, 1959. The sole proprietorship paid for the boat, registered it with the United States Coast Guard in the name of the proprietorship, and, as Allen testified, "used it for entertaining customers," and "showed it as a business expense" on the books of the proprietorship. The minutes of the meeting of the board of directors of the Capitol Tobacco Company, Inc., July 30, 1959, contain a resolution that the corporation obtain from Allen a transfer of all of his right, title, and interest in certain property, including the boat. The bill of sale conveyed to the corporation: "all of first party's interest in and into all of the fixtures, equipment, machinery, furniture leasehold improvements *and all other personal property owned by said first party which is a part of the cigarette distributing company* operated by first party under the trade name and style of Capitol Tobacco Company, as well as all of the good will attendant to and a part of said operation and trade name; together with all accounts receivable, loans receivable and all other assets of said distributing company, trade name 'Capitol Tobacco Company,' all as specifically contained on Exhibit A, attached hereto and made a part hereof." (Emphasis added.) This language indicates that Allen sold all of the personal property of the proprietorship, including the boat. The "Whereas" clause confirms this construction. This clause provides: "WHEREAS, first party is desirous of selling *all of the assets* of said distributing company, with the exception of the inventory, to second party under

the following terms and conditions * * *." (Emphasis added.)

Allen argues that he did not intend to sell the boat to the corporation, and that the assets intended to be conveyed were limited to those contained in Exhibit "A" of the agreement. The reference to Exhibit "A", however, is contained in an independent clause set off by a semi-colon and introduced by the phrase "together with". Exhibit "A", therefore, listed items in addition to those conveyed by the main clause of the conveying paragraph.

In view of the language of the contract and Allen's own testimony, we hold that the referee, and in turn, the district court, properly held that title to the boat was in the trustee in bankruptcy of Capitol Tobacco Company, Inc. The judgment is

Affirmed.