**TEXAS BANK & TRUST COMPANY OF DALLAS, Appellant,**

v.

**CUSTOM LEASING, INC., Appellee.**

**No. 7604.**

Court of Civil Appeals of Texas.

Amarillo.

April 25, 1966.

Rehearing Denied May 23, 1966.

Stigall & Maxfield, Dallas, Crenshaw, Dupree & Milam, Lubbock, for appellant.

Key, Carr & Clark, Lubbock, for appellee.

DENTON, Chief Justice.

This is an appeal from an order of the trial court overruling appellant's plea of privilege to be sued in Dallas County, the county of its residence. Suit was filed by Custom Leasing, Inc., against George W.

Gentry and wife, Alma Gentry, Gentry Construction Company and James E. Lyles, for the amount due under an equipment lease contract, and to recover possession of the equipment so leased. In the alternative, Custom Leasing sued Texas Bank & Trust Company of Dallas on an alleged cause of action based on implied and express warranties contained in a sight draft and attached instruments being held by that bank against some of the equipment leased under the above mentioned lease contract. The attached instruments included a chattel mortgage held by the bank on the equipment which was acquired by the bank prior to the purchase and lease-back arrangement between Custom Leasing and Gentry Construction Company. Plaintiff's controverting affidavit sought to retain venue in Lubbock County under Sections 5 and 23 of Article 1995, Vernon's Ann.Civ.St. The trial court, without a jury, overruled the bank's plea of privilege and it has perfected this appeal.

In April, 1964 James E. Lyles contacted Custom Leasing and represented himself to be an officer of the Gentry Construction Company. They entered into an agreement whereby Gentry Construction Company would sell certain trucks and equipment to Custom Leasing, who would in turn lease the trucks and equipment back to Gentry Construction. Lyles furnished Custom Leasing certain information which included a financial statement of Gentry Construction; a depreciation schedule of the equipment; a tax return and personal financial statement of George W. Gentry, President of the company; together with other pertinent information. Appellant bank had held a mortgage on the equipment for approximately a year prior to this transaction. During Lyles' negotiations with Custom Leasing, he called the bank to ascertain the amount due on the mortgage. Custom Leasing agreed to pay off this indebtedness and pay over to Custom Leasing the difference between the bank's indebtedness and the agreed purchase price of the trucks and equipment. On or about

April 23, 1964 a bill of sale which appeared on its face to be executed by George W. Gentry as President of Gentry Construction Company and the executed lease agreement were delivered to Custom Leasing by Lyles. Simultaneously with the delivery of these instruments Custom Leasing delivered to Lyles its check in the amount of approximately $5,700.00 payable to Gentry Construction. Lyles then gave Custom Leasing a check for the first month's lease payment. On April 28, 1964, the president of Custom Leasing examined and accepted a sight draft of appellant bank at the First National Bank of Lubbock, and thereupon delivered a Custom Leasing check to the Lubbock bank in the amount of $19,089.00. The draft contained a chattel mortgage held by the bank, a corporate resolution of Gentry Construction, which is not in evidence; and a Power of Attorney from George W. Gentry, individually, to James E. Lyles. The chattel mortgage had been previously recorded in the proper register of Midland County. When the mortgage was received by Custom Leasing it contained the written notation:

"To the County Clerk

This is your authority to release the within described mortgage.
    The Texas Bank & Trust Company."

and signed by its cashier. In the course of events Gentry Construction became delinquent in the monthly lease payments and this suit was filed.

Appellant and appellee stipulated as to the testimony of Mr. and Mrs. Gentry and Lucille Lacy, an examiner of questioned documents. The stipulation was to the effect Mr. and Mrs. Gentry testified they had not executed any of the instruments involved and purported to have been executed by them; they further testified they had authorized no one to execute any of the instruments in their behalf. Mr. Gentry further testified Lyles was not a Vice-President of Gentry Construction Company on any of the dates material to this case, and that he

had no authority to execute the chattel mortgage to appellant bank. It was further stipulated that Mrs. Lacy testified that the purported signatures of Mr. and Mrs. Gentry on the documents were spurious. It was expressly agreed by the parties hereto that they were not stipulating as to the truth of the testimony of these witnesses, but there was no evidence introduced to refute any of such testimony.

It is well settled that in order to sustain venue under Subdivision 23 of Article 1995, it is necessary for a plaintiff to allege and prove: (1) That the defendant bank is a private corporation; (2) That the plaintiff has a cause of action against the defendant; (3) That the cause of action or a part thereof arose in the county of suit. It is undisputed appellant bank is a private corporation. The question is then presented whether or not Custom Leasing has pleaded and proved a cause of action against appellant bank, and whether such cause of action or a part thereof · arose in Lubbock County. Appellant pleaded a cause of action based on express and implied warranties attached to the sight draft and by brief appellee further contends it has also pleaded a cause of action of money had and received.

The sight draft, presumedly drawn by appellant bank, contained the following printed statement:

"In payment of transaction, evidenced by papers enclosed herein, covering sale of the following automobile, which is subject to buyer's acceptance:"

which is followed by the typewritten words:

"Equipment, Chattel Mortgage, Power of Attorney, Release Gentry Construction."

This was followed by the printed statement:

"I/we hereby claim that I/we have title to said automobile, and authority to transfer same and further warrant that said automobile is free and clear of all liens and encumbrances except as follows: ———————————————— ————————————————."

No liens or encumbrances were listed. Appellee argues that the appellant bank in effect transferred or assigned the said draft and the enclosed instruments to Custom Leasing; and that the written instruction to the county clerk to release the chattel mortgage was not in fact a release but was for the convenience of Custom Leasing in the event it decided to have the mortgage released. They further reason that the so-called release did not purport to release the maker, Gentry Construction, from any liability whatsoever. They contend that since this transaction was consummated in Lubbock County, venue would properly be held in that county. Reference made on the sight draft of "title to said automobile" is, in our opinion, of no significance. Obviously if any warranty, express or implied, did attach it must apply to the machinery or equipment involved in this transaction. All parties were fully aware of the equipment they were dealing with. We are simply holding the warranty, if any, will not be defeated by reference in the sight draft to "automobile".

At the time the negotiations were begun between Lyles and Custom Leasing, appellant bank held a chattel mortgage on the Gentry equipment. According to this record there were no other mortgages outstanding. A chattel mortgage is a lien only and title to the property so mortgaged remains in the mortgagor, Gentry Construction. Barron v. San Angelo National Bank (Tex.Civ.App.) 138 S.W. 142 (Writ Ref.). Stephens v. Cox (Tex.Civ.App.) 255 S.W. 241. Barton v. Lary (Tex.Civ.App.) 283 S.W. 920. At the time Lyles closed the sale and lease agreement with Custom Leasing, title to the equipment was in Gentry Construction. This is true whether the chattel mortgage was valid or forged. A mortgagor retains all rights of ownership to the mortgaged property, subject only to the express rights of the mortgagee; such rights of ownership include the right to sell

the property, subject to lien retained by the mortgagee. Nunn v. Padgitt Brothers (Tex.Civ.App.) 161 S.W. 921. This right was exercised by the attempted sale of the equipment to Custom Leasing as evidenced by the bill of sale executed on its face by Gentry Construction. This sale did not affect the purported lien held by appellant bank, and at the time Custom Leasing accepted the bank's sight draft and the enclosed instruments Custom Leasing had apparent title to the equipment. The title had never been in appellant bank. The bank thus had no title to transfer or assign to Custom Leasing.

■ Upon acceptance of the sight draft and the chattel mortgage with the authority of the County Clerk to release the chattel mortgage and payment of the amount due on the chattel mortgage, Custom Leasing was simply discharging the Gentry Construction debt. This is consistent with the stated intention of the parties. Mr. Martin, one of Custom Leasing's employees who participated in the negotiation with Lyles testified: "We agreed to pay off a mortgage on this equipment for Gentry Construction Company and lease it back to Gentry Construction Company." Upon the payment of that debt, the mortgage, being but an incident of the debt, was thereby extinguished. American Type Founder Company v. First National Bank of Teague (Tex.Civ.App.) 156 S.W. 300. A lien in itself is neither property nor a debt, but a right to have satisfaction out of property to secure the payment of the debt; and therefore is not subject to assignment without the debt. Windham v. Citizens National Bank (Tex.Civ.App.) 105 S.W.2d 348 (Error Dis.); 6 Am.Jur.2d, Assignments, Section 26, page 210. There was no debt to transfer or assign and the appellant bank could not transfer its lien which had been extinguished by the payment of the debt. We therefore conclude Custom Leasing failed to prove its pleaded cause of action of express or implied warranty attached to the sight draft or the instruments it contained. It therefore has failed to prove a cause of action or a part thereof arose in Lubbock County.

■ Appellee also relies on Subsection 5 of Article 1995 to retain venue in Lubbock County. The contention is its cause of action is based upon a contract in the form of the sight draft which expressly provides that it is payable only through the First National Bank of Lubbock, Texas. Appellee, by its petition, sought to obtain a refund of the money it paid over to appellant bank. In support of its claim for the return of the money it relies on the sight draft and its contents to show a breach of an express or an implied warranty. The fact the draft was accepted and paid in Lubbock County becomes immaterial in view of the fact the primary obligation sought to be enforced is the refund of money paid. Under Subsection 5 the controlling fact is that the particular obligation sought to be enforced is required by contract to be performed in a particular county expressly named. Traweek v. Ake (Tex. Civ.App.) 280 S.W.2d 297. Johnston v. Bracht (Tex.Civ.App.) 237 S.W.2d 364. May v. Perkin (Tex.Civ.App.) 227 S.W.2d 393. McKinney v. Moon (Tex.Civ.App.) 173 S.W.2d 217. Since the asserted obligation to refund the money was not required under the terms of any of the instruments relied upon to be performed in Lubbock County, the exception under Section 5 is not applicable to maintain venue in that county.

■ We think the same reasoning and conclusion must be reached in answer to plaintiff's contention in regard to its cause of action of money had and received. In order to support this cause of action, reliance is had upon the same instruments. Under this contention the particular obligation sought to be enforced is also refund of the money paid. The authorities cited above are applicable to this asserted cause of action.

The order overruling appellant's plea of privilege is reversed and the cause is ordered transferred to Dallas County.