**STELL MANUFACTURING COMPANY,**
**Appellant,**

**v.**

**Ben M. GILBERT, Trustee, in Bankruptcy for Herman F. Hall, Individually, and d/b/a Across Country Inn, Bankrupt, Appellee.**

**No. 23483.**

United States Court of Appeals
Fifth Circuit.

Dec. 22, 1966.

Rehearing Denied Feb. 15, 1967.

Toy A. Crocker, Crocker & McDonald, Scott McDonald, Fort Worth, Tex., for appellant.

Wm. C. Pannell, Fort Worth, Tex., for appellee.

Before BROWN, COLEMAN and AINSWORTH, Circuit Judges.

COLEMAN, Circuit Judge.

Appellant, Stell Manufacturing Company, filed its petition for reclamation of motel furniture in the possession of the Trustee in Bankruptcy. After hearing, the Referee in Bankruptcy, upon findings of fact and conclusions of law, denied relief. Upon review, the District Court upheld the decision of the Referee. We affirm the judgment of the District Court.

The facts as found by the Referee, affirmed by the District Court, were substantially as follows:

In the middle of November 1963, Stell Manufacturing orally agreed to build motel furniture for Herman Hall, doing business as Across Country Inn, for $39,-839.60; furniture to be custom built as designed by Hall's decorator. Stell Manufacturing required and was paid a $7,500 down payment, which it has retained without any offer of refund. The balance of the purchase price, $32,339.60, was due and payable after delivery and installation of the furniture and on final approval by the decorator. Delivery and installation were substantially completed on April 17, 1964, with the result that all rooms in the motel were rentable by the end of April, 1964. Bankruptcy proceedings began on July 7, 1964.

The Referee concluded that possession of the personal property passed out of Stell into Hall on or about April 27, 1964, and for the purpose of transferring title, Hall had accepted the furniture on that date. Stell, by letter of that date, with invoices attached, demanded payment of the balance of the purchase price. The Referee found from the oral agreement between Stell and Hall that the balance which would be due upon completion of delivery, installation, and approval related merely to the time that the balance of the purchase price would be due and not to the time title would pass. There was no agreement between the parties that title would be reserved in Stell until payment had been made in full, and passing of title was not conditioned upon payment of the balance of the purchase price. Nor was there an agreement that title would not pass until all of the furniture was delivered, installed and finally accepted. There was no written chattel mortgage, conditional sales contract or mortgage retaining title in Stell. The Referee concluded his findings with the statement that Stell intentionally waived any claim of title to the property by demanding payment after it knew Hall was in financial troubles, by leaving the furniture in Hall's possession up until July 7, 1964, by not demanding return of the furniture, and by failing at any time to offer to return the down payment of $7,500 collected from Hall.

Stell Manufacturing had the burden of proving that title to the furniture had not passed to Hall, Allen v.

Lokey, 5 Cir., 1962, 307 F.2d 353. There is strong support for the Referee's findings of fact that payment of the balance due upon completion of delivery, installation, and approval related merely to the time of payment and not the time of passing of title.

As already stated, there was no agreement, oral or written, that passing of title was conditioned upon payment of the purchase price, or that title had been reserved until payment had been made in full. There was no written chattel mortgage or conditional sales contract or any other written agreement relating to title. The record shows that with the exception of a portion thereof which was damaged en route and which had to be returned to the factory for repair or replacement, the furniture had been received, placed in the motel and put to use more than sixty days before the bankruptcy proceedings began.

From all this we see ourselves unable to place the badge of "clearly erroneous" upon the findings of the Referee as affirmed by the District Court.

Appellant further argues:

"Section 70(b) of the Bankruptcy Act provides that 'Within sixty days after the adjudication, the Trustee shall assume or reject any executory contract * * * Any such contract * * * not assumed or rejected within such time, whether or not a Trustee has been appointed or has qualified, shall be deemed to be rejected. * * * A Trustee shall file, within sixty days after adjudication, a statement under oath showing which, if any, of the contracts of the bankruptcy are executory in whole or in part * * * and which, if any, have been rejected by the Trustee * * *'. The Trustee failed to either assume or reject the contract. By force of statutory presumption, the Trustee rejected the contract, and he is now estopped to claim otherwise."

■■ As already seen, the only thing that remained executory about this contract was the obligation to pay. Therefore, § 70(b) does not apply, In Re Forney, 7 Cir., 1962, 299 F.2d 503. Indeed, a sale of goods, title to which has passed to buyer, is not executory under Texas law, Hill v. Childers, Tex.Civ.App., 268 S.W.2d 203; Menke v. First National Bank, Tex.Civ.App., 206 S.W. 693.

It is indeed regrettable that appellant failed to take those steps necessary to the retention of title as security for its debt. Since, however, it failed to do so, title did vest in the Trustee, appellant could not reclaim, and the Judgment of the District Court must be

Affirmed.

## ON PETITION FOR REHEARING

### PER CURIAM.

The decision in this case turned solely on the question of whether the findings of the Referee, affirmed by the District Court, were clearly erroneous.

Appellant petitions for a rehearing, again earnestly contending that the intention of the parties was to retain title in Stell until the final payment for the furniture was made and that the contract could not have been performed so long as the furniture had not been approved by Hall's decorator and paid for in full.

■ As originally pointed out, there were no contractual writings or documents for the guidance of the Referee in deciding the issue. He had to fathom the real intention of the parties from their acts and deeds, from all the facts and circumstances of the case. This he could do under Texas law, Scott & Mayhall v. Lubbock Grain & Coal Co., 113 Tex. 127, 252 S.W. 164 (Comm'n App. 1923, opinion adopted).

We must adhere to the views formerly expressed.

The Petition for Rehearing is

Denied.